**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISAIIVAN HUERTA-CASTILLO, a.k.a. Isaiivan Castillo-Huerta,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | Nos. 10-70729<br>10-72764<br><br>Agency No. A088-723-014<br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

    In these consolidated petitions for review, Isaiivan Huerta-Castillo, a native

and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") decision dismissing his appeal from an immigration judge's ("IJ")

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal order, and the BIA's order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009), and the denial of a motion to reopen, *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010). We deny in part and dismiss in part the petitions for review.

The IJ did not abuse his discretion in concluding that Huerta-Castillo failed to show good cause for a continuance where the documents requiring additional time to review were available at least seven months prior to the hearing. *See* 8 C.F.R. § 1003.29 (IJ has authority to grant a continuance upon a showing of good cause); *Ahmed*, 569 F.3d at 1012. It follows that Huerta-Castillo's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

We lack jurisdiction to review the agency's discretionary determination that Huerta-Castillo failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Mendez-Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir. 2009). Huerta-Castillo's contention that the agency applied the wrong legal standard is not supported by the record and does not amount to a colorable constitutional or legal challenge. *See id.* at 978-80 (court lacks jurisdiction over abuse of discretion challenges cloaked as constitutional or legal questions).

10-70729

The BIA did not err in failing to address Huerta-Castillo's arguments regarding continuous physical presence because the BIA's determination that he failed to establish the requisite hardship was dispositive. *See* 8 U.S.C. § 1229b(b)(1).

We lack jurisdiction to review Huerta-Castillo's motion to reopen as it relates to his original three qualifying relatives because it concerns the same basic hardship grounds as his original application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 601-03 (9th Cir. 2006) (where there has already been an unreviewable discretionary determination this court lacks jurisdiction to review the denial of a motion to reopen proceedings).

To the extent Huerta-Castillo presented non-cumulative evidence of hardship to new qualifying relatives in his motion to reopen, the BIA did not abuse its discretion in denying Huerta-Castillo's motion on the ground that the evidence he submitted was insufficient to establish prima facie eligibility for cancellation of removal. *See Garcia*, 621 F.3d at 912 (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**

10-70729